**Amerjeet KAUR, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 06–1491–ag.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Petition granted in part and dismissed in part; order below vacated; matter remanded.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Elizabeth J. Mackay, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Amerjeet Kaur, a citizen of India, seeks review of the March 2, 2006 order of the BIA affirming the September 28, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amerjeet Kaur*, No. A97 965 734 (B.I.A. March 2, 2006), *aff'g* No. A97 965 734 (Immig. Ct. N.Y. City Sept. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument

for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir. 2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Without mentioning the IJ's adverse credibility finding, the BIA affirmed the IJ's opinion "to the extent she determined that the respondent failed to carry her burden of proof." The BIA's use of the phrase "to the extent" limits its affirmance of the IJ's opinion to the grounds explicitly discussed by it while rejecting all other grounds. Thus, this Court construes the BIA's opinion as reversing the IJ's adverse credibility finding and affirming only the other grounds Kaur challenges. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

■ Kaur challenges the IJ's and BIA's conclusions that the arrest and detention incidents she described do not rise to the level of persecution under the Immigration and Nationality Act ("INA"), and that she did not establish a well-founded fear of persecution upon return to India. We grant Kaur's petition because the court has recently clarified certain legal principles relevant to analyzing what conduct demonstrates persecution, *see, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332 (2d Cir.2006), and the IJ's and BIA's opinions, issued before this court's most recent discussion of persecution in *Besko-*

*vic v. Gonzales,* 467 F.3d 223 (2d Cir.2006), do not explain their holdings sufficiently to permit us, consistent with these decisions, to review the agency findings that Kaur failed to carry her burden of demonstrating persecution.

This Court has described "persecution" as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili,* 433 F.3d at 341. While "persecution does not encompass mere harassment," *id.,* this Court has held that the term encompasses "more than threats to life or freedom" and that "non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen,* 359 F.3d at 128 (internal quotation marks omitted). We recently noted that when examining a petitioner's claim of past persecution, the degree of harm "must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic,* 467 F.3d at 226 (emphasis in original). This is especially true in cases where "a petitioner was arrested and detained on account of some protected ground and is subjected to physical abuse, mistreatment or degradation at the hands of [government] officials." *Id.* In such cases, the circumstances of the arrest or detention are "critical." *Id.*

Kaur testified about two incidents when she was arrested, detained, interrogated, beaten, and, on one occasion, sexually assaulted. The harm Kaur described was inflicted by the Indian government on the basis of one or more statutorily protected grounds as both of her arrests by police followed an All–India Sikh Student Federation ("AISSF") meeting or demonstration, and police interrogated her about AISSF activity and accused her of anti-government sentiment. *See Ivanishvili,* 433 F.3d at 341. The circumstances of Kaur's arrests are plainly "critical" to any analysis of whether the harm she experienced rises

to the level of persecution. Although the IJ referred to these events in a recitation of the general facts of Kaur's case, we cannot determine from the record in this case whether the IJ or the BIA considered that "any physical degradation designed to cause pain, humiliation, or other suffering may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic,* 467 F.3d at 226 (citation omitted).

We further remand to allow the agency to clarify, in light of our recent rulings, whether Kaur would not likely face future persecution on the basis of imputed political opinion. *See Beskovic,* 467 F.3d at 227. For these reasons, the asylum claim is remanded, with instructions to the BIA to examine all of the relevant facts in light of the legal standards referenced in *Ivanishvili,* 433 F.3d 332, and *Beskovic,* 467 F.3d 223.

■ Because Kaur has failed to raise before this Court any challenge to the IJ's denial of her withholding of removal and CAT claims, we deem all such arguments waived and therefore dismiss the claims. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Finally, we dismiss Kaur's request for remand based on her marriage to a United States citizen because we lack jurisdiction. This Court cannot consider alternative pleas for relief that have not yet been reviewed by the agency. *See* 8 U.S.C. § 1252(d)(1); *Gill v. I.N.S.,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments).

For the foregoing reasons, the petition for review is GRANTED in part, DISMISSED in part, the BIA's order is VA-

CATED, and the case is REMANDED for further proceedings.